# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL LING, et al. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | NO. 04 CV 04566 (HB) |
| | § | |
| | § | |
| CANTLEY & SEDACCA, L.L.P., et al. | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER PRELIMINARILY CERTIFYING A SETTLEMENT CLASS PURSUANT TO FED. R. CIV. P. 23(B)(3); PRELIMINARILY APPROVING SETTLEMENT WITH AND ENJOINING CLAIMS AGAINST THE CANTLEY & SEDACCA DEFENDANTS; APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL; SETTING HEARING DATE FOR CONSIDERATION OF FINAL SETTLEMENT; AND PROVIDING FOR NOTICE AND CONFIDENTIAL TREATMENT OF CLASS MEMBER IDENTITIES

Before the Court is a joint motion and brief submitted by the Representative Plaintiffs and by Defendants Cantley & Sedacca, L.L.P., a Georgia limited liability partnership, Beckett Cantley and Edward Sedacca, asking the Court to preliminarily certify a settlement class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); preliminarily approve a settlement pursuant to Rule 23(e); appoint class representatives and class counsel; preliminarily enjoin the prosecution of claims against the Settling Defendants and Related Persons[1]; provide for certain discovery as agreed by the Settling Parties; provide for confidential treatment of Class Member identities; provide for notice to Class Members; and schedule dates for the final hearing regarding settlement approval and related deadlines. The Court grants the jointly requested relief to the extent set forth herein.

---

[1] All defined terms contained herein have the same meanings as set forth in the Stipulation. Where a definition is repeated, it is only for context and ease of reference.

AUS01:345998.1             1

**Background Facts**

The proposed settlement would resolve the proposed class's claims against the C&S Defendants[2] for damages arising out of what the plaintiffs allege was substantially the same tax advice given to approximately 180 Class Members. The settlement would resolve the claims asserted in the above-referenced action (the "*Ling* suit"), as well as in the following actions based on similar alleged acts and omissions:

- *Thomas Denney, et al. on their own behalf and on behalf of all others similarly situated v. Jenkens & Gilchrist, et al.*, Case No. 03-CV-5460, in the United States District Court, Southern District of New York.
- *Kevin Slatnick v. Deutsche Bank, A.G., et al.*, Case No. 04-CV-2288, in the Southern District of California, San Diego.

Commencing in 2000, the C&S Defendants advised taxpayers regarding "Tax Strategies" (as defined in the Stipulation of Settlement) that the IRS now challenges. The Class of taxpayers (and their related entities and jointly-filing spouses) is more particularly defined below. This settlement covers all such persons.

Plaintiffs allege that the C&S Defendants are liable for violating the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961, *et seq.*), civil conspiracy, breach of fiduciary duty, fraud, breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, professional malpractice, declaratory judgment, unjust enrichment and the charging of unethical, excessive and illegal fees. Plaintiffs seek, on behalf of themselves and a proposed plaintiff class of former Cantley & Sedacca clients who received the advice described above, actual damages totaling tens of millions of dollars, as well as punitive damages. The C&S Defendants deny all allegations of wrongdoing and assert that they are not liable to any of

---
[2] "C&S Defendants" refers to Cantley & Sedacca and all Persons (including Beckett Cantley and Edward Sedacca) who, during all or any part of the period January 1998, to date, held the status of director, officer, stockholder, partner, principal, member, owner and/or employee in any of the entities comprising Cantley & Seddaca (whether or not any such Person has been sued in any of the Litigation).

the class members, that their tax advice was reasonable, that each class member knew that the IRS could challenge the Tax Strategies and that the outcome could not be and was not guaranteed.

The named Plaintiffs in the Litigation, on behalf of themselves and the proposed class; the C&S Defendants; and the insurance carrier for the C&S Defendants have reached a settlement subject to Court approval. The settlement was achieved through a protracted mediation conducted by Michael Young, a mediator with JAMS in New York, over a lengthy session and numerous conference calls. The details of the settlement are set forth in a Stipulation of Settlement dated May 10, 2005, and the exhibits attached thereto (the "Stipulation"), which are available for viewing or copying at the Office of the District Clerk in the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

Having reviewed and considered the Stipulation, the Joint Motion for Preliminary Approval of the Settlement and the supporting brief, all relevant pleadings, and the arguments of counsel, the Court makes the findings and grants the relief set forth below:

NOW, THEREFORE, IT IS HEREBY ORDERED:

**Class Certification for Settlement Purposes**

1. The Court finds, for purposes of the Stipulation and the Settlement, that the prerequisites to a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court specifically finds:

(a) The number of Class Members is so numerous that joinder of all of them is impracticable.

(b) There are questions of law and fact common to the Class. The claims of all Class Members challenge the same course of conduct.

(c)     The claims of the Representative Plaintiffs (appointed below) are typical of the claims of the Class.  Like the unnamed class members, the Representative Plaintiffs all received similar advice, based on such advice, claimed tax benefits, and are now exposed to IRS claims for taxes, interest and penalties.

(d)     The Representative Plaintiffs will fairly and adequately represent the interests of the Class.  There are no conflicts of interest between the Representative Plaintiffs and the Class.  The Representative Plaintiffs have expressed and exhibited a willingness to serve as class representatives and, through Class Counsel, have exhaustively investigated this matter and aggressively pursued a fair settlement for the Class.  Class Counsel (appointed below) are experienced in class actions and complex commercial litigation.

(e)     Questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members of the Class. The following common questions, among others, predominate and will govern the outcome of the Class claims:  (1) Was the legal advice correct? (2) If not, was the legal advice negligent? (3) If so, did the legal advice cause harm in the form of (a) exposure to tax penalties measured by a percentage of the understated tax, interest, and (b) fees paid to obtain and defend this tax advice?

(f)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  There are approximately 180 Class Members residing in 34 states.  Given the C&S Defendant's limited resources, resolution by individual lawsuits would be unrealistic and, more importantly, unfair to the claimants. Cantley & Sedacca's insurance carrier asserted coverage defenses, and policy limits are eroded by defense costs.  Even if the claims against the C&S Defendants have merit and fall within Cantley & Sedacca's insurance coverage (both of which are contested), the defense costs incurred in multiple actions in multiple jurisdictions would quickly deplete available resources.  Multiple lawsuits would thus be an

inefficient use of the limited resources of the parties and the judicial system. Resolution of the claims against the C&S Defendants by class action settlement would avoid these substantial dangers.

2. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Stipulation and the Settlement, the Court hereby certifies a plaintiffs' settlement class defined as follows:

> **All Persons who, from January 1, 1999, through December 31, 2003, inclusive, either (1) consulted with, relied upon, or received oral or written opinions or advice, including the preparation of legal or transaction documents, from Cantley & Sedacca, L.L.P., Edward Sedacca or any Cantley & Sedacca, L.L.P. attorney concerning any one or more of the Tax Strategies and/or who in whole or in part implemented, directly or indirectly, any one or more of the Tax Strategies, whether or not the Person utilized said Tax Strategy in any tax return, or (2) filed with a Person described in (1) a joint tax return for the year(s) in which such Tax Strategy was implemented, and (3) the legal representatives, heirs, successors, and assigns of all Persons described in (1) and (2). The "Class" includes all persons to whom the C&S Defendants (i) authored opinion letters or (ii) rendered any legal advice, including the preparation of legal or transaction documents, on any "Market Linked Deposit" or Notice 2000-44 transaction. Further, the "Class" includes, without limitation, the individuals, partnerships, limited liability companies, trusts, corporations and other legal entities that Cantley & Sedacca, L.L.P. or Edward Sedacca or any other Cantley & Sedacca, L.L.P. attorney advised concerning, that were formed in connection with, or that engaged or were utilized in any one or more of the Tax Strategies. The**

> **"Class" excludes as class members any persons involved (in any way) in the promotion or implementation of "Market Linked Deposit" or Notice 2000-44 transactions.**

As agreed in the Stipulation of Settlement, if for any reason (including any party's exercise of a valid right to terminate under the Stipulation), the Court declines to grant final approval of the Settlement, then the certification of the Class shall become null and void without further Court action.

### Appointment of Class Representatives

3. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Stipulation and the Settlement, the following persons, the "Representative Plaintiffs," are certified as Class Representatives: Michael Ling, Charles McDonald, Richard Sweret, John P. Mitten, Sr., John P. Mitten, Jr., Robert D. Mitten, Philip Taurisano, Barbara Taurisano, Srinivasa Madala, Gerald Condon, Edwin Studt and Robin Studt, James V. Strange and Gail A. Strange, Robert Flath, Wendy S. Flath, John Coats, Jane Coats, Lowell Anderson, David Laird, Deborah H. Laird, Scott G. Baker, Robyn Baker, Allan Kaplan, Nathan F. Raciborski and Tammy J. Raciborski, Thomas John Kissell and Candace Kissell, Michael Gallant and Ann Gallant, Gary Maas and Kathleen Maas, Mark Hinton and Brenda Hinton, Nicholas Hollingshad and Linda Hollingshad, Peter Regan, Shawn Doherty and Kelli Doherty, Daniel Sevick, William Lorenz, Don Destefano, and the entities owned or controlled by the Representative Plaintiffs that were used in the Tax Strategy. These Plaintiffs will not collect any additional monies from the settlement by virtue of their designation as Representative Plaintiffs.

### Appointment of Class Counsel

4. For purposes of the Stipulation and the Settlement, the following attorneys are appointed Class Counsel:

**Lead Class Counsel:**

David R. Deary
ddeary@dmdclegal.com
W. Ralph Canada, Jr.
rcanada@dmdclegal.com
Stewart Clancy
sclancy@dmdclegal.com
Jeven R. Sloan
jsloan@dmdclegal.com
Deary Montgomery DeFeo & Canada, L.L.P.
Chateau Plaza, Suite 1565
2515 McKinney Avenue
Dallas, Texas 75201
(800) 497-6444 (toll free)
(214) 360-9622
(214) 739-3879(fax)

Joe R. Whatley, Jr.
jwhatley@whatleydrake.com
Othni Lathram
olathram@whatleydrake.com
Whatley Drake, LLC
2323 2nd Avenue North
Birmingham, Alabama 35203
(877) 395-3238 (toll free)
(205) 328-9576
(205) 328-9669 (fax)

Jeffrey H. Daichman
Kane & Kessler, P.C.
1350 Avenue of the Americas
New York, New York 10019-4896
(212) 541-6222
(212) 245-3009 (fax)

Ernest Cory
ecory@cwcd.com
Jerome Tapley
jtapley@cwcd.com
Craig Niedenthal
cniedenthal@cwcd.com
Cory Watson Crowder & Degaris
2131 Magnolia Avenue
Birmingham, Alabama 35205
(205) 328-2200
(205) 324-7896 (fax)

**Preliminary Approval of the Settlement**

5. The Court preliminarily approves the Stipulation and the settlement memorialized therein as being fair, just, reasonable and adequate for purposes of Rule 23 of the Federal Rules of Civil Procedure, subject to further consideration and confirmation following the hearing provided below. The Court preliminarily finds that the proposed settlement is fair, adequate and reasonable after taking into account that liability will be hotly contested, that litigation is always uncertain and that delays are the norm, and the following factors, among others:

(a) the fact that the insurance policy is "wasting," in that the cost of defending, settling, and paying judgments in individual cases reduces the amount available for later cases;

(b) the fact that Cantley & Sedacca is and has been for several years defunct;

(c) the potentially large recoveries in individual cases, and the effects of large recoveries on the claims of Class Members whose cases are not first in line;

(d) the opinions regarding this settlement of the named Plaintiffs and other Class Members represented by Plaintiffs' counsel;

(e) the C&S Defendants' assertions that

- A number of other law and accounting firms issued similar opinions;

- The C&S Defendants' opinions were not guarantees, but instead stated that their conclusions were "more likely than not"; and

- No Class Members complained of fees prior to being audited by the IRS;

(f) the C&S Defendants' assertions that Class Members (a) are wealthy and sophisticated, (b) wanted to reduce or eliminate significant tax obligations, (c) were fully informed of and willing to assume the risk, and (d) are likely to be assigned substantial fault by any jury.

**Schedule of Settlement Hearing**

6. A hearing (the "Settlement Hearing") shall be held before this Court on **January 19, 2006, at 3:00 p.m.,** in Courtroom 23B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312 to determine whether the proposed Settlement, on the terms and conditions set forth in the Stipulation, is fair, reasonable

and adequate and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; and to determine the amount of attorney's fees and expenses that should be awarded to Class Counsel. The Court may adjourn the Settlement Hearing without further notice to members of the Class.

**Manner and Content of Notice and Class Members' Right to Opt-Out or Object to the Settlement**

7. The Court approves the form and content of the Notice of Settlement of Class Action with the C&S Defendants (the "Notice"), the Proof of Claim and Release template, and the Summary Notice attached hereto as Exhibits A-1, A-2 and A-3, respectively.

8. The Court finds that the mailing and distribution of the Notice and publication of the Summary Notice substantially in the manner set forth herein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable, and shall constitute due and sufficient notice to all persons entitled thereto.

9. The notice procedure as well as the processing of claims shall be administered as more fully set forth below:

(a) Not later than thirty (20) days after the entry of this Order (the "Notice Date"), counsel for Cantley & Sedacca shall cause a copy of the Notice annexed as Exhibit A-1 to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than thirty (20) days after the Notice Date, Class Counsel shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3, to be published once in the national edition of <u>The Wall Street Journal</u>; and

(c) Not later than 60 days after the Notice Date, Cantley & Sedacca and Class Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and

publishing. The affidavit or declaration by Cantley & Sedacca shall omit Class Member identities in conformity with the confidentiality provisions herein.

10. Any Member of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice, which shall be within 75 days after the Notice Date. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice. For 30 days following the end of the period for requesting exclusion from the Class, any person who has opted out of the Class by requesting exclusion may retract his request for exclusion.

11. All Members of the Class shall be bound by any and all judgments, orders or settlements entered or approved by the Court.

12. Class Members who do not elect to be excluded from the Class and wish to participate in the Settlement shall complete and submit a Proof of Claim and Release form by a date to be designated by the Court and communicated to the Class in a future notice. Class Members must timely submit the Proof of Claim and Release form to the Settlement Administrator on a form that will be provided to them. Such form shall conform to the template of Exhibit A-2 hereto, but may contain such additional questions and requests for information as the Court may deem relevant to claims administration and the Plan of Allocation. Any Class Member who does not submit a properly-completed Proof of Claim and Release form within the time designated by the Court shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by any final judgment entered.

13. Any Member of the Class may enter an appearance in the *Ling* Suit at his, her or its own expense, individually or through counsel of his own choice, in order to participate in proceedings related to this settlement (but not otherwise in such case absent formal intervention).

14. Any Member of the Class may appear and show cause why the Settlement should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Class Counsel; provided, however, that no Class Member shall be heard on such issues unless not later than twenty-one (14) days before the Settlement Hearing, that person (1) serves by hand, fax or email written notice of his, her or its intention to appear (including each objection and the basis therefore), together with copies of any papers and briefs, upon Class Counsel and the below-listed counsel for the C&S Defendants, and (2) files said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement as memorialized in the Stipulation, and the award of attorneys' fees and expenses to Class Counsel, unless otherwise ordered by the Court.

15. Any Class Member desiring to request exclusion, appear, object or otherwise be heard while maintaining the confidentiality, if any, of his, her or its identity as a participant in a Tax Strategy transaction may do so by using the Confidential Identification Number assigned to the Class Member pursuant to ¶ 24 herein.

## Appointment of Claims Administrator

16. The Court appoints Rust Consulting, Inc., to serve as **Claims Administrator** for the following limited purposes: to send notice and proofs of claims to each class member; receive proofs of claim; administer the claims process; disburse the Settlement funds to qualified claimants; and perform such other functions as may be necessary to effectuate and finalize the Settlement and as requested by this Court.

17. The parties to this settlement shall devise, for the Court's review and approval, a plan of allocation that will fairly and equitably distribute the Settlement proceeds among qualified Class Members. In arriving at a proposed Plan of Allocation, they may take into account the following factors (in no particular order), among others:

- Whether the Class Member is under Internal Revenue Service audit or has been assessed a deficiency regarding use of a Tax Strategy, or has paid or agreed to pay additional tax, interest, or penalties regarding use of a Tax Strategy;

- Whether the Class Member is under audit by, has paid, or has agreed or been required to pay additional tax, interest or penalties by any state income taxing authority based upon use of a Tax Strategy;

- The size of the Tax Strategy in which the Class Member engaged;

- Fees paid to Cantley & Sedacca by the Class Member;

- Expenses incurred by the Class Member in defending claims asserted by the IRS or state income taxing authority based upon use of a Tax Strategy;

- Any opportunity costs incurred by Class Members who can establish that they used a Tax Strategy instead of a specific alternative means of lawfully reducing taxes;

- The date on which the Class Member (a) received a Cantley & Sedacca tax opinion addressing a Tax Strategy, (b) filed a tax return reporting the results of a Tax Strategy, (c) received an audit notice, (d) received a deficiency assessment, and (e) agreed to pay or paid taxes, interest, or penalties relating to a Tax Strategy; and

- Whether the Class Member's claims may be barred by limitations, in whole or in part.

18.     The **Claims Administrator** shall administer the Settlement (in the event of final Settlement approval) in such a way as to preserve Class Member confidentiality. All written and electronic materials received or generated by the **Claims Administrator** or the Court containing Class Member identities or information from which Class Member identities can reasonably be determined shall be sealed and unavailable for public inspection or copying by any person or entity.

19.     Upon completion of the **Claims Administrator**'s duties, the **Claims Administrator** shall file with the Clerk of the Court, under seal, a final report listing all Settlement Class Members, their Confidential Identification Numbers, which Settlement Class Members filed Proofs of Claim, the disposition of each Claim (whether allowed, disallowed or otherwise adjudicated), the dates and amounts of all payments made to each Claimant, a final reconciliation of all Settlement Funds (including earnings thereon) received and disbursed by the **Claims Administrator**, and any other matter the **Claims Administrator** deems necessary to a full understanding of the administration of this Settlement.

20.     The **Claims Administrator** shall maintain for a period of seven years following the filing of the Final Report all documents and records received or generated by him or her in the course of discharging his or her duties herein. Upon the expiration of that seven year period, the **Claims Administrator** shall destroy all such documents and records in his possession and certify the destruction in a certificate filed with the Court and served on Lead Counsel and counsel for Cantley & Sedacca herein.

21.     Upon subsequent motion and order, the parties may petition the Court for the appointment of a Special Master to make determinations as to the allocation of the Settlement proceeds among the members of the Class who file proofs of claim.

**Confidential Treatment of Class Member Identities**

22.     To the greatest extent permitted by law, the class certification process and the approval and administration of the Settlement shall be conducted in such a way as to assure the continued confidentiality of unnamed Class Members' identities and prevent waiver of any privilege that may protect Class Member identities from discovery.

23.     Unless required to do so by unsolicited court order, law, regulation, subpoena, other legal compulsion, or reasonable interpretation thereof, no party may disclose in any filing or in open court in the Litigation either Class Member identities or personal or other information from which Class Member identities can be determined.

24.     All notices sent to Class Members before the Effective Date shall be mailed by Cantley & Sedacca. Cantley & Sedacca shall keep a full and accurate record of the particulars of such mailings.

25.     Cantley & Sedacca shall assign each Class Member a Confidential Identification Number (*e.g.*, John Doe 1, John Doe 2, etc.) for the Class Member's use in seeking exclusion from the Class, objecting to the settlement, filing a proof of claim and otherwise participating in the Settlement proceedings.

26.     The Notice mailed to each Class Member (Exhibit A-1 hereto) shall advise the Class Member (i) of the Confidential Identification Number assigned to him, her or it; (ii) that the proposed settlement will be administered in such a way as to preserve the confidentiality of his, her or its identity as a participant in one or more of the Tax Strategies, to the extent permitted by law; and (iii) that the Class Member may use his, her or its assigned Confidential Identification Number in submitting a proof of claim, objecting to the Settlement, requesting exclusion from the Class or otherwise participating in the Settlement approval process.

27. If the need arises for the identity of a specific Class Member to be disclosed to the Court, such disclosure shall be *in camera* to the Court only and, if in writing, the Court shall place the disclosure under seal unless the Court determines that such Class Member's identity is no longer confidential.

28. As soon as practicable after the Effective Date, Cantley & Sedacca shall provide the Claims Administrator the names, addresses and Confidential Identification Numbers of all Settlement Class Members. Because the Claims Administrator is an arm of the Court, disclosure of Class Member identities to the **Claims Administrator** shall not waive any claim of confidentiality or privilege with respect to such identities, but rather shall be considered an *in camera* disclosure to the Court. The **Claims Administrator** shall maintain the identity of all Class Members in the strictest confidence and shall not, unless required to do so by unsolicited court order, legal compulsion, applicable law, or reasonable interpretation thereof disclose such identities to any person other than to the Court *in camera*, and then only if such disclosure is reasonably necessary for the Court to address a specific issue. All written and electronic materials received or generated by the **Claims Administrator** containing Class Member identities or information from which one could determine Class Member identities shall be considered sealed court records, unavailable for inspection and copying, and subject to the confidentiality and protective order provisions contained herein and in any subsequent orders by the Court. Insofar as legally permissible, the **Claims Administrator** shall not disclose Class Member identities in reporting interest on or the distribution of funds pursuant to the Stipulation or applicable law. The **Claims Administrator** shall make the filings and elections required by the Stipulation and applicable federal law in a manner that will protect the confidentiality of Class Member identities to the greatest extent permitted by law.

29. The **Claims Administrator** shall promptly report to the Court and all Parties to this Settlement the receipt of any discovery device, subpoena or other legal compulsion requesting information or materials that would reveal Class Member identities.

30. These procedures regarding the confidentiality of Class Member identities do not apply to the Representative Plaintiffs, whose identities as former Cantley & Sedacca clients in connection with one or more of the Tax Strategies are already a matter of public record. These procedures regarding the confidentiality of Class Member identities shall however apply to any Special Master appointed in connection with this settlement.

**Preliminary Injunction Against Prosecution of Claims Against the C&S Defendants**

31. The Court finds that a preliminary anti-suit injunction is necessary to protect its jurisdiction. Unless enjoined, Class Members' prosecution of Tax-Strategy-related claims against the C&S Defendants would substantially interfere with the Court's jurisdiction to consider the proposed Settlement and render a meaningful decision.

32. If the C&S Defendants are required to defend multiple lawsuits in multiple courts, the proposed Settlement will likely collapse before the final hearing on the proposed Settlement. Recognizing that it would be difficult to actively defend against multiple suits while at the same time trying to effectuate a class action settlement, Cantley & Sedacca specifically bargained for the right to terminate the Settlement if the Court does not preliminarily enjoin other litigation. The Court expects that if an injunction were not granted, Cantley & Sedacca would exercise that right in order to end litigation expense by calling on its Carrier to resume the defense.

33. A preliminary injunction, expected to last no more than six months, will not impose substantial hardship on Class Members. No pending case is anywhere near trial. No depositions have been taken in any case, and the C&S Defendants have not produced documents in any case. (Indeed, the C&S Defendants have significant discovery obligations under the

Mediated Settlement Agreement which could be interfered with if other courts impose discovery obligations.) It is unlikely that any Class Member can recover anything in an individual action prior to the final hearing on this Settlement. As a practical matter, the C&S Defendants cannot settle individual claims while this application is pending. Any such settlement with a Class Member, moreover, must be disclosed; such a settlement would be considered in determining whether this Settlement is fair and, therefore, even if the C&S Defendants could afford to settle with a Class Member, any payment would surely be less than the Class Member would receive in this Settlement.

34. A preliminary injunction will also conserve judicial and party resources while the request for approval of this Settlement is decided. If individual cases are allowed to go forward and the Settlement is finally approved, the cost of defending individual actions in the interim will have been wasted. Additionally, because Cantley & Sedacca was a limited liability partnership that never exceeded ten attorneys in size, the corporate structure may serve to bar some of the claims. Even if it does indeed bar some of the claims, individual lawsuits could completely deplete the Insurance Policy before the Settlement is approved.

35. Accordingly, pending final determination of whether the Settlement should be approved, the Court preliminarily enjoins all Class Members, including the Class Representatives and all other Plaintiffs in the Litigation, from directly or indirectly, representatively, derivatively, or in any other capacity, commencing or prosecuting any action or proceeding in this Court or in any other court or tribunal against the C&S Defendants, their Carrier or any of their Related Parties arising out of or based upon the Tax Strategies.

**Tolling Provision**

36. In the interest of fairness, the Court orders and declares that the statute of limitations (and any other defenses based on the passage of time including, but not limited to

statute of repose or laches) with respect to any claim any Class Member(s) may now have or in the future may have against the C&S Defendants, their insurance carrier or any of their Related Parties arising out of or based upon the Tax Strategies, is hereby tolled beginning on the date this Order is entered and continuing during the entire period the injunction is in effect.

### Miscellaneous Provisions

37. At the Settlement Hearing, the Court will also consider (i) Class Counsel's application for attorneys' fees and reimbursement of costs and expenses and (ii) the parties' applications for reimbursement of costs and expenses incurred in ascertaining Class Member addresses, mailing Notice to Class Members, and publishing the Summary Notice. Applications for fees and expenses shall be filed and served at least seven (7) days before the Settlement Hearing.

38. The Court reserves the right to continue the date of the Settlement Hearing and adjourn the Settlement Hearing, but in the event of any adjournment, notice will be provided to the Class Members by counsel for Cantley & Sedacca. The Court also retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

DATED: _____, 2005.

_____
HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE